# United States Court of Appeals
## For the First Circuit

No. 99-1298

UNITED STATES OF AMERICA,

Appellee,

v.

EDDY I. SANDOVAL,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, U.S. District Judge]

Before

Selya, Boudin and Lynch,

Circuit Judges.

Robert Sugar, by appointment of the court, for appellant.
Donald C. Lockhart, Assistant United States Attorney, with
whom Margaret E. Curran, United States Attorney, and Stephanie
S. Browne, Assistant United States Attorney, were on brief, for
appellee.

February 25, 2000

**SELYA, Circuit Judge.** In United States v. Alegría, 192 F.3d 179, 187 (1st Cir. 1999), we held "that the government must perform in good faith the discretionary obligations that it affirmatively undertakes in a plea agreement." We then applied that principle to a situation in which the government had promised explicitly to consider moving for a downward departure under USSG §5K1.1. See id. at 188. In the instant case, defendant-appellant Eddy I. Sandoval invites us to extend the holding of Alegría to a situation in which the plea agreement makes no mention of such a possibility. We decline the invitation. At the same time, we reject an unrelated assignment of error. Accordingly, we affirm the sentence imposed by the lower court.

**I**

After Providence police detectives arrested the appellant for possession of crack cocaine, they searched his home pursuant to a warrant and recovered additional cocaine, a gun, ammunition, and drug paraphernalia. Not surprisingly, a federal grand jury returned an indictment. In due course, the appellant pled guilty to possession of cocaine with intent to distribute, 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and illegal possession of a firearm, 18 U.S.C. § 922(g)(1).

The plea agreement obligated Sandoval, in pertinent part, to admit his guilt and to provide full and truthful cooperation with regard to the underlying offenses. The agreement obligated the government, in return, to recommend a three-level decrease in the aggregate offense level for acceptance of responsibility, see USSG §3E1.1(b); to abstain from attempting to enhance Sandoval's sentence on account of a prior state narcotics conviction, see 21 U.S.C. § 851; and — unless a statutory mandatory minimum sentence interfered — to urge the district court to sentence Sandoval at the low end of the guideline sentencing range (GSR). The agreement contained no mention either of "substantial assistance" or of a downward departure.

At the disposition hearing, Sandoval did not claim that the government had failed to comply with any of its express undertakings. He did, however, object to the presentence investigation report in two respects. First, he challenged the statement that no basis existed for a downward departure. In this regard, he claimed that he had furnished the government with the names of eighteen persons involved in criminal activity, and that supplying this information entitled him to a downward departure (or, at least, to serious consideration of that largesse). Second, he challenged, as factually wrong, the

conclusion that his offense level should be increased because he had possessed a firearm in connection with the commission of a drug offense.

The district court considered and rejected Sandoval's importunings. It set a base offense level of 26, see USSG §2D1.1(a)(3), added two levels for the gun, see id. §2D1.1(b)(1), and subtracted three levels for acceptance of responsibility, see id. §3E1.1(b). The combination of these determinations and the appellant's criminal history category (V) yielded a GSR of 100-125 months. See id. Ch.5, Pt.A (sentencing table). The court rejected Sandoval's request for a downward departure, pointing both to the absence of a government motion and to the lack of any showing that the appellant's furnishing of a list of names had been useful. The court then accepted the prosecutor's recommendation and imposed an incarcerative sentence of 100 months.

## II

The appellant's principal argument is that he was entitled to a downward departure for what he characterizes as his "substantial assistance" to the government. In his view, the prosecutor acted improperly by refusing to move for one, and the district court erred in not remedying the situation. This argument lacks force.

-4-

We made clear in Alegría, 192 F.3d at 189, that departures for substantial assistance must come within the confines of USSG §5K1.1.  Drawing on Koon v. United States, 518 U.S. 81 (1996), the appellant attempts to subvert this holding on the theory that USSG §5K2.0 provides a separate and independent basis under which the district court can depart downward for substantial assistance.  This is an argument that we confronted and rejected in Alegría, 192 F.3d at 189, and we have no hesitancy in rejecting it here.

This brings us to section 5K1.1, which provides in pertinent part that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."  The sine qua non for a section 5K1.1 departure is the filing of a motion to that effect by the government.  See Alegría, 192 F.3d at 189; United States v. Mariano, 983 F.2d 1150, 1155 (1st Cir. 1993).  For the most part, the government has unbridled discretion in deciding whether to file such a motion.  See Wade v. United States, 504 U.S. 181, 185 (1992); United States v. Romolo, 937 F.2d 20, 25 (1st Cir. 1991); United States v. La Guardia, 902 F.2d 1010, 1015 (1st Cir. 1990).  Thus far, we have identified only two situations in which the law constrains this discretion.

The first involves cases in which the government's failure to move for a substantial assistance departure is based on some constitutionally impermissible factor (say, race or religion), or is "not rationally related to [some] legitimate Government end." Wade, 504 U.S. at 185-86. The second involves cases in which the government explicitly undertakes to make, or to consider making, such a motion.[1] See Alegría, 192 F.3d at 187.

The appellant entreats us to carve out a further exception and to hold that the government's discretionary decision not to move for a downward departure under section 5K1.1 is judicially reviewable in a case in which no constitutional infirmity is alleged and in which the plea agreement does not mention substantial assistance (or any form of downward departure, for that matter).[2] To grant this entreaty would fashion an exception that would swallow the general rule.

The downside of such an approach is too easily envisioned to warrant much discussion. In earlier opinions, we recounted several potential hazards associated with overly

_____

[1]Although Alegría involved a commitment undertaken in a plea agreement, we leave open the possibility that an extrinsic promise or assurance that survives both the execution of the plea agreement and the taking of the defendant's plea may suffice. See Alegría, 192 F.3d at 185.

[2]To be sure, the plea agreement here does mention "cooperation" — but cooperation differs significantly from substantial assistance. See Alegría, 192 F.3d at 183-84.

zealous judicial review, see Alegría, 192 F.2d at 187-88 & n.6; United States v. Doe, 170 F.3d 223, 225 (1st Cir. 1999), and those same hazards certainly are present in the circumstances of this case. The problem is exacerbated where, as here, a defendant has entered into a plea agreement that grants him certain determinable benefits but eschews any mention of a substantial assistance departure. In such a situation, there is every reason to presume that the benefits designated in the agreement are intended as a full and fair exchange for the defendant's performance of his side of the bargain. Cf. United States v. Carozza, 4 F.3d 70, 89 (1st Cir. 1993) (refusing to disturb a guilty plea when the defendant received the benefit of those promises that were explicitly set forth in the plea agreement).

To say more on this aspect of the case would be supererogatory. We believe that, for purposes of section 5K1.1, a plea agreement that contains no reference to substantial assistance creates a situation that is tantamount to one in which a defendant pleads guilty without any agreement at all. Based on this equivalence, we hold that Wade controls this case. This means that when a defendant has entered into a plea agreement that contains no express provision for consideration of a section 5K1.1 departure, the government's discretionary

decision not to file a section 5K1.1 motion is, as in Wade, reviewable only for an unconstitutional motive or the lack of a rational relationship to any legitimate governmental objective. In this case, there is no hint of either such condition, so we cannot consider the propriety of the government's omission.

### III

We need not tarry over the appellant's remaining claim of error. The district court increased the appellant's aggregate offense level (and, therefore, the applicable GSR) because the authorities found a firearm in his possession under circumstances that suggested a relationship between the firearm and the appellant's criminal activities. See USSG §2D1.1(b)(1) (providing for a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed"). The Sentencing Commission has specifically instructed courts to apply this enhancement "unless it is clearly improbable that the weapon was connected with the offense." USSG §2D1.1(b)(1), comment. (n.3). The defendant must carry the devoir of persuasion on this issue and thus must convince the trier to credit his innocent explanation. See United States v. Aker, 181 F.3d 167, 172 (1st Cir. 1999).

In this instance, Sandoval explained to the sentencing court that he had purchased the weapon for personal protection

and not for any drug-related shenanigans. Judge Lagueux flatly rejected this testimony, instead finding that the presence of the weapon in the same bureau drawer as the cocaine stash demonstrated a culpable connection between the two.

Absent a mistake of law (and we see none here), we review the district court's factfinding at sentencing only for clear error. See United States v. Ruiz, 905 F.2d 499, 507 (1st Cir. 1990). This standard requires that we defer broadly to the court's credibility determinations. See United States v. McDonald, 121 F.3d 7, 9 (1st Cir. 1997); Ruiz, 905 F.2d at 507. Under this framework, we have no principled choice but to uphold the enhancement. After all, when a firearm's location indicates a link between it and the possessor's drug business, the evidence ordinarily will be deemed sufficient to support the enhancement. See, e.g., United States v. Gonzalez-Vazquez, 34 F.3d 19, 24 (1st Cir. 1994); United States v. Jackson, 3 F.3d 506, 509 (1st Cir. 1993); United States v. Corcimiglia, 967 F.2d 724, 727 (1st Cir. 1992).

## IV

We need go no further. Concluding, as we do, that the district court sentenced the appellant in accordance with the law, we reject Sandoval's appeal.

**Affirmed**.