[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

———————————————

No. 99-2198

UNITED STATES OF AMERICA,

Appellee,

v.

MARCOS HERRERA-GONZALEZ,

Defendant, Appellant.

———————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

———————————————

Before

Boudin, Circuit Judge,
Bownes, Senior Circuit Judge,
and Lynch, Circuit Judge.

———————————————

Lenore Glaser and Stern, Shapiro, Weissberg & Garin for appellant.
Donald K. Stern, United States Attorney, and Cherie L. Krigsman,
Assistant U.S. Attorney, for appellee.

———————————————

April 14, 2000

_____

**LYNCH, Circuit Judge**. In pleading guilty to conspiracy to distribute a controlled substance and distribution of a controlled substance, see 21 U.S.C. §§ 841(a)(1), 846, defendant Herrera-Gonzalez admitted he was part of a cocaine distribution conspiracy but denied that his conspiracy included any agreement to distribute crack cocaine. After hearing evidence at sentencing, the district court concluded to the contrary -- that Herrera could reasonably foresee the sale of crack by his business partner Celso DelRosario and that Herrera continued to be part of the conspiracy, despite his trips to the Dominican Republic. And so the district court attributed the crack to Herrera and sentenced him to the mandatory minimum for crack cocaine distribution involving fifty or more grams: 120 months. See 21 U.S.C. § 841(b)(1)(A)(iii).

The question on appeal is whether the district court's conclusions were clearly erroneous. See United States v. Elwell, 984 F.2d 1289, 1297-98 (1st Cir. 1993). They were not. The court found the testimony of the undercover agent credible; that agent testified that the defendant had offered to sell the agent crack cocaine for a quoted price and to arrange for the agent to receive a sample of crack at the next meeting. That sample was provided at the next meeting (albeit by defendant's business partner DelRosario). Further, Herrera and DelRosario each said that either of them could be contacted about placing orders and

the quality of the merchandise; additionally, DelRosario and Herrera shared a cell phone and an address. Credibility determinations were for the district court, see United States v. Sandoval, 204 F.3d 283, 287 (1st Cir. 2000), and the record amply justifies the conclusion that the defendant could reasonably foresee the sale of this crack to defendant. See United States v. Garcia, 954 F.2d 12, 16-17 (1st Cir. 1992).

The same is true for the district court's conclusion that Herrera had not withdrawn from the conspiracy before the sale of the crack to the undercover agent. A lull in activity does not mean a break with one's business partners in crime. See United States v. Nason, 9 F.3d 155, 162 (1st Cir. 1993). After his arrest, Herrera said that he had resumed the drug trade following his journeying to the Dominican Republic. His own words, again, provided adequate support for the district court's conclusion.

Affirmed.