[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 01-1123

UNITED STATES,

Appellee,

v.

SOPHIA MARTINI,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Torruella and Lynch, Circuit Judges.

---

Sophia Martini on brief pro se.
Jay P. McCloskey, United States Attorney, and Margaret D. McGaughey, Assistant United States Attorney, on brief for appellee.

---

October 19, 2001

---

**Per Curiam**.   Pro se appellant Sophia Martini appeals a district court order that denied her motion to compel the United States Attorney's Office for the District of Maine to file a motion to reduce her sentence under Fed. R. Crim. P. 35(b).  Having thoroughly reviewed the record and the parties's briefs on appeal, we affirm the district court's order.

We agree with the district court's conclusion that the government could not be compelled to file a Rule 35(b) motion under the circumstances that are present here. Appellant has not alleged that the government's decision was based on an unconstitutional motive, nor that it was unrelated to a legitimate government  end.  Accordingly, judicial review is not available under Wade v. United States, 504 U.S. 181, 185-86 (1992).  And while "the government must perform in good faith the discretionary obligations that it undertakes in a plea agreement", see United States v. Alegria, 192 F.3d 179, 187 (1st Cir. 1999), this principle does not entitle appellant to enforce alleged oral promises that contravene her plea agreement, which makes no mention of Rule 35(b) motions and which provides that all promises will be "in writing [and] signed by the

parties."  The government's refusal to file a Rule 35(b) motion is not subject to judicial review under these circumstances.  Cf. United States v. Sandoval, 204 F.3d 283, 286 (1st Cir. 2000)(holding government's refusal to file §5K1.1 motion was not subject to judicial review where plea agreement made no mention of such motions and defendant did not allege a Wade violation); Alegria, 192 F.3d at 186 (holding defendant could not reasonably rely on alleged pre-plea oral promise that contravened plea agreement's integration clause).  See also United States v. Bischel, 32 F.3d 259, 264 (7th Cir. 1994); United States v. Ringling, 988 F.2d 504, 507 (4th Cir. 1993)(both declining to enforce alleged oral promises to file Rule 35(b) motions). Moreover, even if the government's decision was reviewable, appellant has not made the "substantial threshold showing" required to merit further inquiry under Alegria, 192 F.3d at 189 & n.7 (holding conclusory assertions and "sheer speculation" were insufficient to rebut government's facially valid reasons for determining defendant had not rendered substantial assistance).

In view of the foregoing, we need not decide whether  jurisdiction was available under United States v. Morales, 52  F.3d 7, 8 (1st Cir. 1995).  Accordingly,

appellant's renewed motion for appointment of counsel is _denied_ and the judgment of the district court is _affirmed_. _See_ Local Rule 27(c).