Not for Publication in West's Federal Reporter
Citation Limited Pursuant to 1ˢᵗ Cir. Loc. R. 32.3

# United States Court of Appeals
## For the First Circuit

No. 01-1389

UNITED STATES,

Appellee,

v.

PAUL MOUNTS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, U.S. District Judge]

Before

Lipez, Circuit Judge,
Stahl, Senior Circuit Judge,
and Howard, Circuit Judge.

Thomas Stylianos, Jr. on Anders brief and Motion to Withdraw
as Counsel.
Paul Mounts on brief pro se.

January 7, 2003

Per Curiam. Paul W. Mounts pled guilty to conspiring to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The district court determined that the applicable guideline imprisonment range under the sentencing guidelines was 360 months to life. However, the court concluded that because a drug quantity had not been charged in the indictment or proven to the jury beyond a reasonable doubt, under Apprendi v. New Jersey, 530 U.S. 466 (2000), the maximum sentence Mounts could receive was 20 years. Therefore, the court sentenced him to 240 months in prison and 5 years of supervised release. He filed a notice of appeal. Appointed counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), and Mounts has filed a pro se supplemental brief.

## I.   Challenge to Guilty Plea

Two of the issues raised by Mounts are, in substance, challenges to his guilty plea. First, he argues that he wanted to go to trial but that his attorney and the government attorney would not allow it. Second, he claims that the government breached its promise that if he pled guilty and testified at co-defendant Heidi Chaffee's trial, he would receive a lenient sentence. These arguments are unsupported by the record.

As to the first of these arguments, Mounts never asked the district court to allow him to withdraw his guilty plea.  Nor has he, even in the present filing, asserted his innocence of the offense to which he pled guilty.  The plea hearing was conducted in conformity with the requirements of Fed.R.Crim.P. 11.  During the plea colloquy, Mounts denied that anyone had "threatened [him] or . . . attempted to force [him] or induce [him] in any way to tender his plea of guilty."

As to Mounts' second argument, at his plea colloquy, he assured the judge that no one had made a promise to him as to what sentence would be imposed.  "Such statements in open court during a plea hearing 'carry a strong presumption of verity.'" United States v. Martinez-Molina, 64 F.3d 719, 733 (1st Cir. 1995).  Mounts' plea was entered pursuant to a written plea agreement which specifically stated that it did not require the government to move for a downward departure under U.S.S.G. § 5K1.1.  Mounts agreed to cooperate with the government and the government agreed to recommend that Mounts be sentenced on the basis of a drug quantity of 500 grams to 1.5 kilograms of cocaine base.  Mounts acknowledged in the plea agreement that "there are no other promises or agreements, either express or implied, other than those contained in this Agreement."  We reject Mounts' challenge to his guilty plea.

-3-

To the extent that Mounts is claiming ineffective assistance of counsel, the factual record concerning Mounts' allegations that his attorney misled him about the consequences of pleading guilty or his right to proceed to trial is not sufficiently developed to permit reliable review on direct appeal.  See Lopez-Pineda, 55 F.3d at 697.  Our rejection of Mounts' ineffective assistance claim is without prejudice to his presenting that claim on collateral review under 28 U.S.C. § 2255.

II.  Challenge to Sentence

A. Evidence from Chaffee Trial

Mounts argues in his pro se brief that the sentencing court erred by increasing his sentence on account of evidence from the Chaffee trial that he had abused Chaffee, who was his fiancé as well as his co-defendant.  "Fed.R.Crim.P. 32, U.S.S.G. § 6A1.3 and the Due Process Clause of the United States Constitution require that a defendant be apprised of the information to be relied on in sentencing and an opportunity to rebut such information." United States v. Berzon, 941 F.2d 8, 1 7 (1st Cir. 1991).  This requirement was satisfied here.  At the presentence conference, the sentencing judge informed Mounts that he would be relying upon information received at

the Chaffee trial, "thus enabling [Mounts] to respond to it before the sentence was set." Id. at 21.

Under the terms of the plea agreement, the court was precluded from using Mounts' own testimony at the Chaffee trial in "determining the applicable guideline range," with certain exceptions. See U.S.S.G. § 1B1.8. To the extent that Mounts alleges that the court violated that prohibition, the record does not support such an allegation. In any event, it is clear that no prejudice resulted from the court's reliance upon any evidence presented at the Chaffee trial. The transcript from the sentencing hearing reveals that the court relied upon evidence from the Chaffee trial in deciding not to grant the three-level reduction for acceptance of responsibility. Had Mounts received the three-level reduction, the applicable guideline sentencing range would have been 262 to 327 months. The sentence Mounts received (240 months) was well below that range.

B. Drug Quantity

Mounts appears to argue in his brief that the drug quantity employed by the district court in arriving at his sentence was higher than the quantity calculated in the PSR. The record belies that claim.

C. Government's Failure to Seek a § 5K1.1 Departure

The government stated at the sentencing hearing that it had decided not to seek a § 5K1.1 departure because Mounts had violated the law by attempting to smuggle cigarettes into the prison where he was detained while awaiting sentencing. The plea agreement specifically provided that the government was not required to seek a § 5K1.1 departure. The government's decision not to seek a departure was not based on any constitutionally impermissible factors and was rationally related to a legitimate government end. Under these circumstances, the government's "unbridled discretion" in deciding whether to file a § 5K1.1 motion was not constrained. See United States v. Sandoval, 204 F.3d 283, 285 (1st Cir. 2000).

D. Supervised Release Term

The sentencing court gave the parties advance notice (at the presentence conference) of its intent to impose a five-year supervised release term and there was no objection. That term did not exceed the governing statutory limits. See United States v. Cortes-Claudio, No. 01-2113, slip op. at 8 (1st Cir., Dec. 2, 2002). The court included in its Memorandum of Sentencing Judgment the following reasons justifying a five-year supervised release term: protection of the public and rehabilitation of the defendant. In the plea agreement, Mounts

admitted to a drug quantity of 50 grams or more of cocaine base. The United States Sentencing Guidelines' supervised release maximum corresponding with that drug quantity is five years. See U.S.S.G. §5D1.2(a)(1). Under these circumstances, there is no non-frivolous argument that it was plain error for the court to impose a five-year supervised release term. See United States v. Duarte, 246 F.3d 56, 62 (1st Cir. 2001).

Counsel's motion to withdraw is granted and appellant's conviction and sentence are affirmed. See Loc.R. 27(c).