Costillo v. U.S.                    CV-03-485-M    04/21/04
                  UNITED STATES DISTRICT COURT

                  DISTRICT OF NEW HAMPSHIRE


Juan Costillo,
      Plaintiff

      v.                                Civil No. 03-485-M
                                        Opinion No. 2004 DNH 068
United States of America,
      Defendant


                         **O R D E R**


     After reviewing the government's initial filings in this

matter, the court directed it to file a proffer in affidavit form

and a second, thorough legal memorandum in response to

petitioner's claimed entitlement to relief under 28 U.S.C.

§ 2255.  See Order, February 9, 2004 (document no. 5).  It has

done so.  Petitioner has filed a response to the government's

supplemental memorandum, but it does not address the critical

circumstances upon which the government based its decision not to

file motions for sentence relief under U.S.S.G. § 5K1.1 or

Fed. R. Cr. P. 35.


     Essentially, petitioner seeks to challenge the government's

refusal to file a motion for a downward departure under U.S.S.G.

§ 5K1.1 during his sentencing hearing, or to file a post-conviction motion for sentence reduction under Fed. R. Cr. P. 35. He does so by asserting an ineffective assistance of counsel claim against his appointed defense counsel - for failing to pursue sentence reduction under § 5K1.1 or Rule 35, notwithstanding the government's refusal to file the pertinent motions, on grounds that petitioner fully cooperated in the prosecution of his co-conspirator, Stephanie Ramos-Douglas.

In exchange for petitioner's guilty plea, the government agreed to consider filing a downward departure motion, based upon petitioner's anticipated substantial assistance. That bargain was included in petitioner's written plea agreement. Accordingly, the government was obligated to consider filing motions for sentence reduction in good faith, even though the plea bargain reserved absolute discretion to the government to determine whether to file or not file such motions.

When challenged for declining to file a motion under § 5K1.1 or Rule 35, the government bears a burden of production, not persuasion. It must offer "facially adequate reasons" for its

2

refusal. U.S. v. Nelson-Rodriguez, 319 F.3d 12, 53 (1st Cir. 2003). The government has now more than met its burden in this case. Among other things, the government has submitted affidavits from the prosecutor, Assistant United States Attorney Terry L. Ollila, and the lead case agent, New Hampshire State Police Trooper Cheryl Nedeau. Those detailed affidavits explain precisely why and how the government reached the conclusion that petitioner, although partially cooperative, was neither completely truthful during his debriefing nor reliable as a witness and, therefore, did not earn or warrant a departure or sentence reduction motion. The record also supports the government's decision.

In short, although petitioner did cooperate to a degree, he did not provide substantial assistance. Nelson-Rodriguez, 319 F.3d at 53 (substantial assistance is a higher standard than mere cooperation). In the government's opinion, which was reasonable and justified under the circumstances, petitioner did not truthfully and completely divulge the facts related to Defendant Peter Ramos' involvement in the charged conspiracy. Petitioner also minimized his own role in that conspiracy, and undermined

3

his own usefulness as a witness by demonstrably, and in a self-contradicting manner, misstating his involvement in the charged conspiracy during his own sentencing hearing. Accordingly, the government, immediately after that sentencing hearing, informed petitioner's counsel that because he had again misstated pertinent facts, he likely would not be called as a witness at co-conspirator Ramos-Douglas's sentencing hearing. In fact, petitioner was not called.[1]

The government's refusal to file a motion for sentence relief in petitioner's case was reasonable, justified, not related to an unconstitutional motive, and was related to a legitimate governmental purpose - declining to reward less than complete and truthful cooperation, that is, cooperation not amounting to "substantial assistance" in the investigation or prosecution of, in this case, co-conspirators. See, e.g., United States v. Davis, 247 F.3d 322 (1st Cir. 2001); United States v.

---

[1] As the government correctly notes, the court's recollection that petitioner testified at Douglas-Ramos's sentencing, as expressed in the order requiring further briefing, was mistaken - Andrew Frost and Jeffrey Howard, but not petitioner, testified at Douglas-Ramos's sentencing. It probably bears noting that a researched, responsive, and well-prepared initial memorandum would have set the factual stage properly at the outset.

4

<u>Alegria</u>, 192 F.3d 179 (1st Cir. 1999); <u>United States v. Garcia</u>, 698 F.2d 31 (1st Cir. 1983).

Since there was no rational basis under the circumstances upon which defense counsel could have plausibly sought court review of the government's discretionary refusal to pursue sentence relief under § 5K1.1 or Rule 35, he can hardly be faulted for having failed to do so.  Nothing in the record, or pleadings filed by petitioner, supports an ineffective assistance of counsel claim related to sentence relief.  <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  Counsel's decision not to pursue a meritless claim does not, of course, constitute ineffective assistance, and in this case defense counsel's pursuit of a § 5K1.1 downward departure or relief under Rule 35, notwithstanding the government's refusal to file the appropriate motions, would have been meritless and would have failed.  Petitioner was, therefore, also not prejudiced by counsel's failure to seek § 5K1.1 or Rule 35 relief.

## Conclusion

Petitioner is not entitled to relief under 28 U.S.C. § 2255. The petition is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 21, 2004

cc:  Juan Costillo
     Donald A. Feith, Esq.