In the

# United States Court of Appeals

### For the Seventh Circuit

No. 16-1319

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TYRAN PATTON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13-CR-239 — **Elaine E. Bucklo**, *Judge*.

ARGUED DECEMBER 8, 2016 — DECIDED FEBRUARY 9, 2017

Before MANION, KANNE, and HAMILTON, *Circuit Judges*.

MANION, *Circuit Judge*. Tyran Patton was a high-level drug
dealer who, after being arrested for an unrelated firearms of-
fense, agreed to cooperate with the government. Patton acted
as an informant in the government's investigation of illegal
firearm sales but then disappeared for several months. After
he reemerged, he pleaded guilty to the drug charges and was
sentenced. At sentencing the government refused to move for

a sentencing reduction for substantial cooperation. The district court then sentenced Patton to a below-guidelines prison sentence of 244 months' imprisonment. Patton appeals, claiming the district court should have forced the government to file a motion for a sentencing reduction. We affirm.

## I.

Tyran Patton was a major cocaine and heroin dealer in the Chicago area. In April 2010, law enforcement agents arrested Patton's courier with 8 kilograms of cocaine and 3 kilograms of heroin. Agents for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") later arrested Patton pursuant to an arrest warrant in an unrelated firearms investigation. After he was arrested, Patton confessed to his use of firearms and his drug-trafficking activities. He then agreed to cooperate with the ATF. Patton assisted the ATF for about a year and made several controlled purchases of firearms. However, the government agent working with Patton was inexperienced and allowed Patton to pick his own targets. As a result, according to the government, Patton only delivered street-level dealers, protecting higher-level sources as well as family and friends. Nonetheless, Patton's efforts resulted in several convictions and the government removing 60 guns off the streets.

In late August 2012, the ATF informed Patton that the government was about to appear before a grand jury and needed him to testify. The government also informed Patton that he would be indicted soon on the drug charges. Soon thereafter, Patton disappeared, reemerging in February 2013 only after the government had finished several trials and word was out on the street that Patton was an informant. The government claims Patton only came forward then because he needed the government's protection.

Patton attempted to negotiate a plea agreement with the government, but because he had been AWOL for over six months, his efforts were unsuccessful. Patton eventually pleaded guilty to the drug charges without a plea agreement. At sentencing, Patton asked the district court to force the prosecutor to file a motion for a reduction in the statutory mandatory sentence and sentencing range for substantial assistance under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. The district court stated that it didn't think it had the authority to do so, but even if it did, it would not require the government to file such a motion under the circumstances. Nonetheless, in weighing the § 3553(a) factors, the district court took into consideration Patton's cooperation with the government and sentenced him to a below-guideline sentence of 244 months' imprisonment.[1] Patton appeals his sentence.

## II.

On appeal, Patton argues that the district court erred in denying his request to force the government to file a motion pursuant to § 3553(e) and U.S.S.G. § 5K1.1 for a reduced sentence for substantial assistance. Section 3553(e) provides that district courts, "[u]pon motion of the Government," may impose a sentence below the statutory minimum to reflect a defendant's "substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e). And Section 5K1.1 provides: "Upon motion of the government stating that the defendant has provided

---

[1] The advisory guidelines sentencing range was 262 to 327 months' imprisonment.

substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

"[F]ederal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive" or if it "was not rationally related to any legitimate Government end." *Wade v. United States*, 504 U.S. 181, 185–86 (1992). The burden is on the defendant, however, to make a "substantial threshold showing" that the government improperly withheld a substantial-assistance motion before he can receive a remedy. *Id.* at 186.

Patton does not argue that the government withheld the motion based on unconstitutional motives; rather, he claims the government's decision not to move for a reduction for substantial assistance "was not rationally related to any legitimate Government end." However, contrary to Patton's argument, the government presented two legitimate justifications for its decision to withhold a substantial-assistance motion on Patton's behalf. First, the government explained to the district court that Patton did not fully cooperate in its investigation into illegal guns sales, but instead purposely chose targets to avoid ensnaring family members, friends, and higher-level gun dealers. Second, the government stressed that Patton disappeared for over six months, right after being told he was going to be indicted and needed to testify at a grand jury hearing. While Patton claims he had to have an operation during that time and that his wife turned off his cell-phone, even his own attorney acknowledged that Patton could have acted more promptly in getting in touch with the government following his surgery. Both rationales support the government's

decision not to move for a reduced sentence. *See United States v. Miller*, 458 F.3d 603, 605 (7th Cir. 2006) (holding that prosecutor's refusal to file a substantial-assistance motion was rationally related to a law enforcement end when "the government declined to file the motion because it believed that [the defendant] was not forthcoming in reference to his cocaine source"); *United States v. Davis*, 247 F.3d 322, 328 (1st Cir. 2001) (noting the defendants' "failure to cooperate in the murder investigation provides a basis for the [government withholding a motion], whatever [the defendant]'s view that he had given enough already and should not be forced to go that far").

Patton argues in response that he is entitled to remand to allow for more discovery and a hearing to allow him to show that the government's actual motive in withholding a motion for substantial assistance was impermissible. But, as the Supreme Court held in *Wade*, a defendant has no right to discovery or an evidentiary hearing unless he makes a "substantial threshold showing" of an improper motive. Patton failed to make such a showing. In fact, Patton did not even argue to the district court that the government's rationale for refusing to move for a substantial-assistance reduction was unrelated to a legitimate government end. Instead, Patton merely argued that he deserved the reduction because he provided the government with substantial assistance which led to the prosecution of seven individuals and taking 60 guns off the street. Because Patton did not argue that the government's motive was

not rationally related to any legitimate government end, our review is for plain error only.[2]  *Billings*, 546 F.3d at 475.

In response, Patton claims that he met the "substantial threshold showing" because the government stated at sentencing that "the government was embarrassed" and "looked terrible." Patton argues that "[p]rotecting the personal feelings of members of the United States Attorney's office is not a legitimate government interest …." However, a review of the transcript from the sentencing hearing shows that Patton is taking the government's comments completely out of context. For instance, in response to the district court's inquiry of why the indictment of other individuals would prompt Patton to get back in touch with the government, the prosecutor explained:

> Word is out on the street that Tyran Patton is cooperating. He is a snitch. He needs to get himself back in the good graces of ATF … basically for some protection. This is not a guy who doesn't think two steps ahead of the game. And, certainly, in this case, the defendant ran circles around a new ATF agent. It's somewhat embarrassing what happened in this particular case.

---

[2] Because Patton did not argue to the district court that the government's decision to withhold a substantial-assistance motion was unrelated to a legitimate government end, the district court correctly stated that it did not have the power to force the government to file such a motion. *United States v. Billings*, 546 F.3d 472, 475 (2008). And in any event, the district court considered Patton's argument and rejected it.

Contrary to Patton's portrayal, the government did not express a motive to deny Patton a reduction for substantial assistance because it was embarrassed. To the contrary: the government was detailing how Patton disappeared and only reappeared when it benefitted him to do so, to illustrate why in the government's view Patton was not entitled to a motion for a substantial-assistance reduction.

Similarly, the prosecutor's statement that Patton had made "the government look terrible" was not an explanation for its motive in refusing to move for a substantial-assistance reduction, but a passing comment made in detailing Patton's lack of full cooperation:

> So the higher-level targets we weren't able to get because the defendant did all of that offline. Instead, we got the lower-level guy who the defendant can go and have—pick up the guns and deliver them to the defendant. That's what happened. It's what makes the government look terrible. We missed those bigger guys. We missed them because of the way the defendant cooperated. And that's what happened.

This exchange shows that the government concluded that Patton had not fully cooperated because he caused the government to miss the "bigger guys"; not because the government looked terrible for missing the bigger guys. While Patton now wishes to question the government further on its motive, the district court did not commit plain error in denying Patton's request without further inquiry.

**III.**

Patton clearly cooperated with the government in its gun investigation. But because he disappeared for over six months and, in the government's view, only fingered low-level targets, protecting higher-level sources and families and friends, the government acted within its discretion to refuse to file a substantial-assistance motion. We AFFIRM.