# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 03-1622

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JOSHUA N. EMERSON,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 01 CR 30023—**David R. Herndon**, *Judge.*

———————

ARGUED SEPTEMBER 26, 2003—NOVEMBER 18, 2003

———————

Before FLAUM, *Chief Judge*, and BAUER and MANION,
*Circuit Judges*.

BAUER, *Circuit Judge*. In March 2001, Emerson was
charged with being a felon in possession of a firearm. In
May of that year he entered into a cooperative plea agree-
ment whereby he agreed to provide the government with
any information he might have concerning other criminal
activity. In exchange the government agreed to consider
filing a motion to reduce his sentence pursuant to Federal
Rule of Criminal Procedure 35(b). After Emerson gave the
government information, the government decided not to
petition for his sentence reduction. Emerson appeals. We
affirm.

## I.  Background

The government frequently makes cooperating plea agreements with defendants who they believe have knowledge of criminal activity that would be helpful to the government in further investigations. Normally, under these agreements, the government receives information from the prisoner and then makes a determination as to whether the information given by the prisoner is truthful and helpful. If the government finds that the information is of "substantial assistance" it may choose to file the motion under Rule 35(b) to reduce the prisoner's sentence.[1]

In this case, Emerson entered into such a plea agreement. Among other things, the agreement provided that Emerson would plead guilty, waive his right to appeal, and would provide the government with whatever information he had regarding criminal activity. The agreement also provided that once Emerson did all these things, the government would have "sole discretion" as to whether it would file the Rule 35 motion for a reduction of sentence. (Brief for Appellee at app. B8.) After Emerson gave the government information about two drug dealers, the government did not immediately file a Rule 35 motion; Emerson's attorney then contacted the government to let them know that the one year time limit on filing the motion was approaching. In response, the government filed a Rule 35 motion to avoid the upcoming deadline but asked the district court not to

---

[1]  Federal Rule of Criminal Procedure 35(b) provides that:

Upon government's motion made within one year of sentencing, the court may reduce a sentence if:

(A)  the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and

(B)  reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.

rule on it until the government had a chance to assess whether the information Emerson had provided was indeed truthful and of substantial assistance. The government determined that Emerson had not been truthful in his information and later told Emerson's attorney that the information had not been of substantial assistance. The government then moved to withdraw its Rule 35 motion, and that motion was granted. Counsel for the defendant then filed a motion asking the district court to reconsider allowing the government to withdraw its Rule 35 motion and requested an evidentiary hearing.

## II.  Discussion

Emerson fails in his appeal for two reasons: first, he waived his right to appeal his sentence and second, the government did not abuse its discretion when it determined that Emerson did not provide substantial assistance.

### A. Waiver

The validity of a waiver agreement is reviewed de novo. *United States v. Jones*, 167 F.3d 1142, 1144 (7th Cir. 1999). Generally, waivers of appeal are enforceable. *United States v. Kratz*, 179 F.3d 1039, 1041 (7th Cir. 1999). A waiver is binding so long as the terms of the waiver are unambiguous and it was made "knowingly and voluntarily." *Jones*, 167 F.3d at 1144 (quoting *United States v. Wooley*, 123 F.3d 627, 632 (7th Cir. 1997)). In this case, the waiver agreement Emerson entered into was explicit in the terms of his co-operative plea agreement. Specifically, Section II, Paragraph eleven of the agreement states,

> [T]he Defendant knowingly and voluntarily waives the right to appeal any sentence . . . (or the manner in which that sentence was determined) on the grounds

set forth in Title 18, United States Code, Section 3742 or on any ground whatever . . . . The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack . . . .

(Brief for Appellee at app. B8.) Emerson does not contend that the waiver was non-binding but argues that his specific appeal is not covered by the waiver. The language of the waiver is clear; it bars Emerson from appealing his sentence on "any ground whatever." Such language must include appeals regarding reductions in sentence for cooperating with the government.

### B. Governmental Discretion

Even if Emerson had not waived his right to appeal his sentence, he has no cause to complain. Under the terms of the agreement, the government retained "sole discretion" as to whether to file a Rule 35 motion. (Brief for Appellee at app. B8.) In considering such agreements, the Supreme Court has upheld the government's discretion unless the refusal to file the motion was based on religious or racial grounds, or if the refusal "was not rationally related to any legitimate government end." *Wade v. United States*, 504 U.S. 181, 185-86 (1992).

Emerson does not argue that the decision was motivated by improper racial or religious motivations but instead argues that it was not rationally related to any legitimate governmental end. Emerson points out that the government offered inconsistent reasons for its decision not to request the downward departure when it initially stated that he had lied, and then later, that he had not provided substantial assistance. Emerson is also miffed at the government's slow and seemingly disorganized manner of handling the motion for downward departure. Although the government

could have been more attentive to Emerson's situation, this does not meet the high standard necessary to show an absence of a rational basis. By the nature of the plea agreement, the government must make a judgment call as to whether "substantial assistance" has been rendered. Given the discretion afforded to the government and its explanation for its decision, it is of little importance that the government provided differing reasons for not recommending a downward departure. Emerson failed to demonstrate that the government's actions were not rationally related to a legitimate end.

For this reason, we AFFIRM.

A true Copy:

       Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*