In the

# United States Court of Appeals

## For the Seventh Circuit

No. 05-4295

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TODD A. MILLER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 04 CR 306—**William C. Griesbach**, *Judge.*

ARGUED JUNE 7, 2006—DECIDED AUGUST 14, 2006

Before BAUER, RIPPLE, and WOOD, *Circuit Judges.*

BAUER, *Circuit Judge.* Todd Miller pleaded guilty to possession of a firearm as a felon and possession of cocaine with intent to distribute, and was sentenced to 188 months' imprisonment. He challenges the government's decision not to file a substantial assistance motion, and we affirm.

## I. Background

After police officers executed a search warrant that resulted in the discovery of firearms and cocaine, Miller was arrested and charged in a three-count indictment. Count One charged him with possession of a firearm as a felon, in

violation of 18 U.S.C. § 922(g)(1). Count Two charged him with possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Count Three charged him with carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I). By agreement, Miller pleaded guilty to the first two counts in exchange for the government's promise to dismiss Count Three, and promised to "fully and completely cooperate with the government in its investigation of this and related matters." The United States in turn agreed:

> to advise the sentencing judge of the nature and extent of the defendant's cooperation. The parties acknowledge, understand and agree that if the defendant provides substantial assistance to the government in the investigation or prosecution of others, the government, in its discretion, may recommend a downward departure from the applicable statutory mandatory minimum and the applicable sentencing guideline range.

At the sentencing hearing, the government advised the court that it had decided not to file a substantial assistance motion pursuant to U.S.S.G. § 5K1.1 because "the officers believed that the defendant had not been candid with them as to the source of the cocaine that was found on his person." After the district court sentenced Miller to 188 months, he appealed.

## II.  Discussion

Miller challenges the government's decision not to file a substantial assistance motion. The Attorney General and United States Attorneys generally have "'broad discretion' to enforce the Nation's criminal laws," *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quoting *Wayte v.*

*United States*, 470 U.S. 598, 607 (1985)), based on their statutory role "as the President's delegates to help him discharge his constitutional responsibility to 'take Care that the Laws be faithfully executed.'" *Id.* (quoting U.S. Const., Art. II, § 3). That discretion affords a "presumption of regularity" to prosecutorial decisions, so that "in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *Id.* (quoting *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14-15 (1926)). The government's decision will be upheld unless its refusal to file the motion was based on an unconstitutional motive, such as race or religion, or "was not rationally related to any legitimate Government end." *Wade v. United States*, 504 U.S. 181, 186 (1992). As there is no indication that the government harbored an unconstitutional motive in this case, we review the prosecutorial decision for a rational basis. *United States v. Wilson*, 390 F.3d 1003, 1009 (7th Cir. 2004).

Miller likens his situation to that of the defendant in *Wilson*, in which this Court held that no rational basis supported the government's decision. *Id.* at 1011. Yet the government's purpose in *Wilson*—preventing the defendant from pursuing an unrelated civil suit—was "so far afield from the purpose of § 5K1.1 and Rule 35(b) as to be irrational." *Id.* at 1010. Here, on the other hand, the government declined to file the motion because it believed that Miller was not forthcoming in reference to his cocaine source. This is precisely the type of "judgment call" that the government is entitled to make in connection with decisions on § 5K1.1 motions. *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003).

According to Miller, however, the government's reason was revealed as pretext when one of the officers testified in state court for purposes of a search warrant that Miller was both truthful and reliable. Miller apparently provided

meaningful information to law enforcement that resulted in the filing of marijuana charges against an individual. The fact that he was forthcoming with his knowledge of the marijuana offense, however, does not mean that he was forthcoming with regard to the cocaine source. The government, by the terms of the agreement, reserved the discretion to judge whether Miller rendered substantial assistance in that context. It did just that, and found that Miller was less than cooperative. Under the circumstances, the government was under no obligation to file a substantial assistance motion. Miller's arguments to the contrary are "of little importance" given "the discretion afforded to the government and its explanation for its decision." *Emerson*, 349 F.3d at 988.

Miller further complains that the government did not properly "consider" filing the motion, as promised in the plea agreement. The remedy he apparently seeks is a district court hearing to examine the internal deliberation of the U.S. Attorney's Office. This we will not order; when the government presents a rational basis for its decision, our inquiry is at an end. As we have stated before, "one branch of government cannot compel another to reveal intra-branch deliberations just to slake its curiosity." *United States v. Zingsheim*, 384 F.3d 867, 872 (7th Cir. 2004).

## III.  Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.

No. 05-4295                                                    5

A true Copy:

    Teste:


                     _____

                     *Clerk of the United States Court of*
                     *Appeals for the Seventh Circuit*