UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 2, 2006
Decided November 3, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-1715

| | |
|---|---|
| UNTIED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 04-CR-160 |
| PETER TRILIEGI, *Defendant-Appellant.* | Lynn Adelman, *Judge.* |

## O R D E R

Federal agents executing a search warrant found approximately 175 marijuana plants growing in an apartment above Peter Triliegi's residence. Triliegi confessed to growing the marijuana, and while he was detained in jail, agents monitoring his telephone calls realized that he was also growing marijuana in another location. They executed a second search warrant and recovered an additional 200 marijuana plants at that location. Triliegi eventually pleaded guilty to one count of manufacturing marijuana. *See* 21 U.S.C. § 841(a)(1). The district court calculated a guidelines imprisonment range of 30 to 37 months, but because Triliegi had a prior conviction for manufacturing marijuana, the court sentenced him to the statutory minimum prison term of 10 years. *See* 21 U.S.C. §§ 841(b)(1)(B)(vii), 851. Triliegi appeals, but his newly appointed appellate lawyer has moved to withdraw under *Anders v. California,* 386 U.S. 738 (1967), because

she cannot discern any nonfrivolous arguments to pursue.  We invited Triliegi to respond to counsel's brief, *see* Cir. R. 51(b), but he did not do so.  Accordingly, we will consider only those potential issues identified in counsel's facially adequate brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether there are any potential challenges to Triliegi's conviction, but Triliegi does not want his guilty plea vacated and so counsel appropriately avoids any discussion of the voluntariness of the plea or the district court's compliance with Federal Rule of Criminal Procedure 11.  *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).  Instead, counsel contemplates whether Triliegi might argue that the district court erroneously denied his motions to suppress the evidence recovered from his residence and the statements he made via telephone from jail.  But Triliegi entered an unconditional guilty plea, and thus waived all challenges to nonjurisdictional defects occurring before the plea.  *See Gomez v. Berge*, 434 F.3d 940, 942 (7th Cir. 2006); *United States v. Villegas*, 388 F.3d 317, 322 (7th Cir. 2004).  Accordingly, counsel properly concludes that any potential challenge to these motions would be frivolous.

Counsel also examines whether Triliegi could argue that the court erroneously denied his appointed trial lawyer's motion to withdraw, which was prompted by disagreement over counsel's refusal to accede to Triliegi's request that he move to dismiss the indictment for vindictive prosecution.  But trial counsel did not assert that their disagreement caused a conflict of interest that might violate Triliegi's Sixth Amendment right to effective representation, and so Triliegi's unconditional guilty plea also would bar any challenge to the denial of the motion to withdraw.  *See United States v. Porter*, 405 F.3d 1136, 1140-41 (10th Cir. 2005); *United States v. Foreman*, 329 F.3d 1037, 1039 (9th Cir. 2003).  And even if this potential argument was not foreclosed, it would be frivolous for Triliegi to argue that the district court abused its discretion in refusing to let counsel withdraw.  *See United States v. Harris*, 394 F.3d 543, 552 (7th Cir. 2005).  Triliegi had no right to appointed counsel of his choice, nor could he compel his appointed counsel to file a frivolous motion.  *See Oimen v. McCaughtry*, 130 F.3d 809, 811 (7th Cir. 1997).

Counsel next considers whether there is any basis on which Triliegi might attack his prison sentence.  Counsel notes that Triliegi might argue that his prison sentence is unreasonable under *United States v. Booker*, 543 U.S. 220 (2005), but correctly concludes that such an argument would be frivolous given that Triliegi received the minimum sentence required by statute.  *See United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005) (stating that "[n]othing in *Booker* gives a judge any discretion to disregard a mandatory minimum").  Counsel also contemplates whether Triliegi might argue that the ten-year term is so grossly disproportionate to his crime that it violates the Eighth Amendment's ban on cruel and unusual

punishment. The "Eighth Amendment does not require strict proportionality between crime and sentence," and it is a "rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Ewing v. California*, 538 U.S. 11, 23, 30 (2003) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001, 1005 (Kennedy, J., concurring in part and concurring in judgment)); *United States v. Gross*, 437 F.3d 691, 692-93 (7th Cir. 2006). Because the Supreme Court has held that a prison term of 40 years for possession with intent to distribute nine ounces of marijuana does not violate the Eighth Amendment, *see Hutto v. Davis*, 454 U.S. 370, 371-72 (1982), any potential Eighth Amendment challenge to Triliegi's sentence would be frivolous.

Finally, counsel asks whether Triliegi could argue that the district court erroneously denied his motion to compel "specific performance" of the plea agreement by requiring the government to move for a reduced sentence to reflect his purported substantial assistance in another case. *See* 18 U.S.C. § 3553(e). But the plea agreement includes no cooperation provision or promise by the government to make such a motion, and, accordingly, whether to do so was a decision solely within the government's discretion. *See United States v. Miller*, 458 F.3d 603, 604-05 (7th Cir. 2006) (noting that government generally maintains broad discretion in deciding whether to move for reduced sentence to reward substantial assistance); *United States v. Lezine*, 166 F.3d 895, 901 (7th Cir. 1999) (stating that "a defendant's rights under a plea agreement are limited by what the parties in fact agreed to"). And the district court could not impose a sentence below the statutory minimum without a motion from the government. *See Melendez v. United States*, 518 U.S. 120, 125-26 (1996); *United States v. Rivera*, 411 F.3d 864, 866 (7th Cir. 2005). Thus, counsel correctly concludes that a potential challenge to the district court's denial of the motion to compel would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.