NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 8, 2007
Decided October 1, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-3838

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 06-CR-0097-C-01 |
| RICO YARBROUGH, *Defendant-Appellant.* | Barbara B. Crabb, *Chief Judge.* |

**O R D E R**

Rico Yarbrough pleaded guilty to distributing crack cocaine. *See* 21 U.S.C. § 841(a)(1). The district court sentenced him to a prison term of 235 months, which was at the very bottom of the guidelines range. On appeal, Yarbrough's principal argument is that a sentence within the guidelines range should not be accorded a presumption of reasonableness. Alternatively, he argues that the sentence imposed in this case was not reasonable. In light of *Rita v. United States*, 127 S.Ct. 2456 (2007), and because we are convinced that the district court adequately considered the § 3553(a) factors and imposed a reasonable sentence, we affirm.

After he was arrested in an undercover sting operation, Yarbrough pleaded guilty to distributing five grams or more of crack cocaine, *see* 21 U.S.C. § 841(a)(1).

The probation officer calculated a base offense level of 36 and then deducted three levels for acceptance of responsibility under U.S.S.G. § 3E1.1, resulting in a total offense level of 33.  The probation officer also calculated a criminal history category of VI, yielding a guidelines imprisonment range of 235 to 293 months.

At sentencing, Yarbrough's attorney argued that the court should "take into account" that Yarbrough "did provide cooperation" to the government, though he acknowledged that "the government holds all the cards" concerning "whether they're going to make a 5K1 type motion or Rule 35 motion."  Counsel for the government informed the court that the information Yarbrough provided "unfortunately was not useful," thus the government declined to exercise its discretion to file a motion under U.S.S.G. § 5K1.1 to reduce his sentence.

The district court sentenced Yarbrough to 235 month's imprisonment, reasoning that a sentence at the bottom of the range was "sufficient to hold [him] accountable" for his conduct and protect the community.  The court observed that he had shown a "complete lack of concern for the rights or safety of anybody around [him]" by committing traffic offenses, abusing the mother of his children, and selling drugs.  The court further noted that Yarbrough was "dangerous to the community" and that his criminal history category "does not overstate the likelihood that [he] will reoffend."

On appeal, Yarbrough primarily argues that his within-guidelines sentence should not be presumed reasonable because, he contends, the presumption imposes an improper burden on sentencing courts to justify sentences outside the guidelines, thus effectively maintaining the mandatory sentencing regime that was found to be unconstitutional in *United States v. Booker*, 543 U.S. 220 (2005).  But Yarbrough's challenge to the presumption of reasonableness is foreclosed by the Supreme Court's recent decision in *Rita v. United States*, 127 S.Ct. 2456, 2462-68 (2007).  His sentence fell within the properly calculated guidelines range; therefore we presume the sentence to be reasonable.  *See United States v. Gama-Gonzalez,* 469 F.3d 1109, 1110 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 607-08 (7th Cir. 2005).

Yarbrough next contends that his sentence is unreasonable.  He seems to contend that the court erred in denying him a three-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.  But this is factually incorrect.  The record is clear that Yarbrough received the three-level reduction under § 3E1.1.

Yarbrough also argues that the district court erred in declining to press the government to request a sentence reduction for substantial assistance.  But Yarbrough has no viable argument that the court erred in not relying on U.S.S.G. § 5K1.1 to reduce his sentence.  A sentencing court has no power to reduce a

sentence under that guideline unless the government first makes a motion. *See United States v. Artley*, 489 F.3d 813, 819 (7th Cir. 2007); *United States v. Burrell*, 963 F.2d 976, 984-85 (7th Cir. 1992). The government's decision not to file a substantial assistance motion will be upheld unless it was based on an unconstitutional motive or is not rationally related to any legitimate government purpose. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. Miller*, 458 F.3d 603, 604-05 (7th Cir. 2006). Yarbrough has never asserted that the prosecution harbored any impermissible motive for declining to seek a § 5K1.1 reduction. Nor was it irrational for the government to decline to seek the reduction, given its determination that Yarbrough did not provide useful information.

AFFIRMED.