In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-3566

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JERMEL C. THOMAS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:09-CR-00088(01)—**Robert L. Miller, Jr.**, *Judge.*

ARGUED APRIL 4, 2011—DECIDED MAY 6, 2011

Before KANNE, ROVNER, and SYKES, *Circuit Judges.*

KANNE, *Circuit Judge.* Jermel Thomas pled guilty on March 22, 2010, to the charge of being a felon in possession of a firearm. In the plea agreement, Thomas waived the right to appeal his sentence and conviction. Thomas has nevertheless appealed his sentence, alleging various errors by the district court. Because the district court did not plainly err in enforcing the plea agreement, we dismiss Thomas's appeal.

## I. BACKGROUND

As part of his plea agreement, Thomas waived his right to appeal. In exchange, the government agreed to recommend a downward adjustment for acceptance of responsibility and to recommend a sentence at the low end of the guidelines range. After reviewing Thomas's waiver and the factual basis for the charged offense, the district court held a sentencing hearing.

The presentence report ("PSR") premised its recommended base offense level of 24 in part on Thomas's 2002 Indiana battery conviction that the government considered to be a crime of violence. *See* U.S.S.G. § 2K2.1(a)(2). The PSR then recommended increasing the offense level by 4 because Thomas used the firearm in connection with the state felony offenses of battery and criminal recklessness. *See* U.S.S.G. § 2K2.1(b)(6). Finally, the PSR recommended a downward adjustment of 3 levels based on Thomas's acceptance of responsibility. *See* U.S.S.G. § 3E1.1. The resulting adjusted offense level of 25, coupled with Thomas's criminal history category of V, yielded a recommended guidelines range of 100 to 120 months' imprisonment.

Thomas made three objections to the PSR. He argued that his 2002 battery conviction was not a crime of violence. He also argued that Sentencing Guidelines § 2K2.1(b)(6) is unconstitutional. Alternatively, he argued that § 2K2.1(b)(6) should not apply because he did not possess a firearm in connection with the commission of battery or criminal recklessness. Rather, he claims that he briefly accepted a gun from an acquaintance during a firefight, but immediately returned it without firing.

In response to Thomas's version of the facts, the government presented extensive and compelling evidence that Thomas had pressed a .357 magnum to the head of Ronald Payne, Jr., threatened to kill him, and ultimately shot him in the foot. Because Thomas lied under oath about the facts underlying his offense, the government did not recommend a downward adjustment for acceptance of responsibility as it had agreed to do. Instead, it recommended a 2-level upward adjustment for obstruction of justice.

The court overruled Thomas's objections and denied his request for a continuance of the hearing. It calculated an adjusted offense level of 30 and a criminal history of V. This combination results in a guidelines range of 151 to 188 months' imprisonment, but the statutory maximum for the offense of conviction is 120 months' imprisonment. The district court considered the relevant § 3553(a) factors and ordered a sentence of 120 months' imprisonment. Thomas appealed his sentence, claiming the district court erred by overruling his objections to the PSR and by denying his request for a continuance to allow expert testimony.

## II. ANALYSIS

We will not reach the merits of Thomas's arguments because he waived the right to appeal his sentence. Normally, "[w]e review the enforceability of a waiver agreement de novo." *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010). But Thomas never moved to withdraw his guilty plea in the district court, so he must convince

us that the district court's decision to accept his plea agreement was plainly erroneous. *United States v. Villarreal-Tamayo*, 467 F.3d 630, 632 (7th Cir. 2006).

A waiver of appeal is enforceable "if its terms are express and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." *Chapa*, 602 F.3d at 868 (quotation marks and citations omitted). Thomas does not argue that the terms of his plea agreement were ambiguous or that he did not knowingly and voluntarily consent to its terms. Rather, Thomas argues that the district court plainly erred in enforcing the agreement because he received no consideration for waiving his appeal. While Thomas cites no case holding that lack of consideration renders waiver of appeal in a plea agreement unenforceable, some support for his theory exists. *See United States v. Quintero*, 618 F.3d 746, 751 (7th Cir. 2010) ("A plea agreement is a contract and is therefore governed by ordinary contract law principles."); *cf. Santobello v. New York*, 404 U.S. 257, 262 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.").

We need not decide whether to accept Thomas's consideration argument because the government did give consideration for Thomas's waiver in the form of two promises: a promise to recommend a downward adjustment for acceptance of responsibility and a promise to recommend a sentence at the low end of the guidelines range. Ultimately, this consideration gave Thomas no

advantage. Thomas lied under oath, so the government did not recommend a downward adjustment for acceptance of responsibility. And the calculated guidelines range exceeded the statutory maximum, so the government's promise to recommend a sentence at the low end of the guidelines range had no effect on Thomas's sentence. But had things gone differently—that is, had Thomas actually accepted responsibility instead of offering an implausible denial of the facts of his crime—the government would have been bound to recommend a sentence of 100 months' imprisonment. Thomas's lack of foresight does not render his plea agreement unenforceable. *See United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995) ("Defendants who appeal from sentences following plea agreements *always* point to unanticipated and unwelcome developments.").

## III. CONCLUSION

The district court did not plainly err in enforcing Thomas's plea agreement. Accordingly, Thomas's appeal of his sentence is DISMISSED.