┌─────────────────────────────────────────────┐
|          **NONPRECEDENTIAL DISPOSITION**          |
|  To be cited only in accordance with Fed. R. App. P. 32.1  |
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2018
Decided July 2, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-2843

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>    *Plaintiff-Appellee*, <br><br> *v.* <br><br> GUADALUPE QUINTANILLA, <br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. <br><br> No. 1:14CR12-001 <br><br> Theresa L. Springmann, <br> *Chief Judge*. |

## O R D E R

Guadalupe Quintanilla was caught transporting 38 kilograms of cocaine in a hidden compartment of his company's truck. He agreed to plead guilty to possessing more than 5 kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). But before he entered his guilty plea, the United States filed an Information alleging a prior drug conviction under 21 U.S.C. § 851. This increased the minimum term of imprisonment from ten to twenty years. *Id.* § 841(b)(1)(A). His plea agreement included a waiver of his right to appeal or to contest his conviction and all components of his sentence, or the manner in which his conviction or sentence was determined or imposed.

A presentence investigation report set Quintanilla's base offense level at 32, based on the amount of cocaine law enforcement attributed to him, U.S.S.G. § 2D1.1(c)(4). It also recommended a three-level downward adjustment for acceptance of responsibility. *Id.* § 3E1.1(a), (b). Quintanilla's total offense level was therefore 29, and his criminal-history category was I, see *id.* § 4A1.1(a), (c). Although the district court adopted the report, it determined that the 20-year statutorily required minimum sentence, 21 U.S.C. § 841(b)(1)(A), was greater than the applicable sentencing range of 87–108 months and therefore 240 months was the Guidelines point. U.S.S.G. Ch. 5, Pt. A. At Quintanilla's request, the district court held an evidentiary hearing to determine whether he was eligible for a sentence reduction under the safety-valve provision of 18 U.S.C. § 3553(f). The provision applies when, among other requirements, a defendant "has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." But the district court found Quintanilla not credible compared to the government's witnesses and therefore agreed with the government that Quintanilla had not cooperated fully. The court imposed the statutory minimum of 240 months' imprisonment, plus 10 years' supervised release and a special assessment of $100.

Quintanilla appeals, but his lawyer asserts that the appeal is frivolous and moves to withdraw. See *Anders v. California*, 386 U.S. 738, 744 (1967). Quintanilla did not respond to counsel's motion. See CIR. R. 51(b). Because counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might involve, we limit our review to the subjects that counsel discusses. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel, having verified that Quintanilla wishes to withdraw his guilty plea, first considers whether Quintanilla could successfully challenge its voluntariness. *United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002). Because Quintanilla did not move to withdraw his plea in the district court, we would review the adequacy of the plea hearing for plain error. See *United States v. Polak*, 573 F.3d 428, 431 (7th Cir. 2009). Counsel points out that during the plea colloquy the magistrate judge failed to inform Quintanilla that he would have no right to withdraw his plea if the court rejected the government's recommended sentence. See FED. R. CRIM. P. 11(c)(3)(B). But the error is harmless because the court substantially complied with all the other requirements of the Federal Rule of Criminal Procedure 11 and imposed the minimum sentence. Further, Quintanilla acknowledged in his written plea agreement: "I understand that if the Court does not follow these agreements, I will not be allowed to withdraw my guilty

plea." This acknowledgment made the omission from the Rule 11 colloquy harmless. See *United States v. Dominguez Benitez*, 542 U.S. 74, 85 (2004).

Counsel also considers whether Quintanilla could argue that his plea was involuntary because of his limited English skills. But the record shows that the magistrate judge provided Quintanilla with a Spanish interpreter at the plea hearing and confirmed that an interpreter had assisted him with reading the plea agreement. Nothing in the record suggests that Quintanilla was confused or had difficulty communicating. *Cf. United States v. Pineda-Buenaventura*, 622 F.3d 761, 771 (7th Cir. 2010) (vacating conviction because defendant's limited education and English skills, plus complexity of charge, suggested he did not understand basis for his plea).

Counsel next asks whether the broad appeal waiver in Quintanilla's plea agreement would render any challenge to his sentence frivolous, and correctly concludes that it would. An appeal waiver is typically enforceable as long as the plea agreement of which it is a part is valid. See *United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013). But there are some exceptions to this principle, such as when the government breaches the terms of the plea agreement. See *United States v. O'Doherty*, 643 F.3d 209, 217 (7th Cir. 2011).

Counsel considers whether Quintanilla could argue that the government breached its agreement because it did not honor its promise to affirmatively recommend that the court impose a sentence "equal to the minimum of the applicable range." Because 240 months' imprisonment was the lowest possible sentence given the judge's findings, there could not have been a breach. Any other arguments regarding breach of the plea agreement are similarly unavailing. For example, the fact that the government ultimately opposed Quintanilla's eligibility for the safety-valve provision did not constitute a breach, because neither the plea agreement nor the plea colloquy indicated that Quintanilla's plea negotiations involved a government promise to support his safety-valve eligibility.

As counsel explains, no other exception to the enforcement of the appeal waiver applies, either. The sentence was lawful, as it was within the statutory range of 20 years to life under 21 U.S.C. § 841(b)(1)(A), and so the unlawful-sentence exception to the appeal waiver does not apply here. *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005).

Finally counsel, explaining the dubious benefit of entering a plea agreement for a defendant in Quintanilla's shoes, raises the argument whether Quintanilla's appeal

waiver was invalid for lack of consideration. Counsel proposes that Quintanilla did not benefit from his plea agreement because he most likely would have received the same sentence had he entered a blind plea. This is because the district court decided after Quintanilla entered his guilty plea that he was not eligible for the safety-valve reduction. But the government's promise to recommend a downward adjustment for acceptance of responsibility, which the government did in this case, amounts to consideration for Quintanilla's plea agreement. See *United States v. Kilcrease*, 665 F.3d 924, 928 (7th Cir. 2012); *United States v. Thomas*, 639 F.3d 786, 788 (7th Cir. 2011). Finally, counsel notes that if Quintanilla wishes to argue that counsel was ineffective in advising him to enter a plea agreement with an appeal waiver when he was likely facing the rest of his life in prison under the agreement, he may do so under 28 U.S.C. § 2255 on a fully developed record. See *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.